IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLASSIC HARVEST LLC,

        Plaintiff,

v.                                1:15-cv-2988-WSD

FRESHWORKS LLC, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Stokes Law Office LLP's ("Stokes Law") Interim Application for Attorney's Fees [309] ("Motion").

### I.  BACKGROUND

On June 20, 2016, Stokes Law filed its Motion seeking attorneys' fees and costs. On July 5, 2016, Agrifact Capital, LLC ("Agrifact") filed its Response to Stokes Laws's Motion [314], in which it objects to specific portions of Stokes Law's fee application.

### II.  DISCUSSION

The Court's PACA Order authorized and directed Stokes Law to undertake various tasks to preserve and collect the PACA trust assets of Crisp Holdings, LLC d/b/a Fresh Roots.  The Court's PACA Order provides that "[Stokes Law] . . . is

authorized to withhold a reserve from PACA Trust Assets for payment of its fees and expenses under this Order." (PACA Order ¶ 16(c)).  Stokes Law seeks $123,402.50 in attorneys' fees and $6,285.48 in costs.[1]

As a general rule, the starting point for calculating reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorneys' services.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1984); Blum v. Stenson, 465 U.S. 886, 897 (1984); accord ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  The product of these two numbers is commonly termed the base figure, or "lodestar."  Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 563 (1986).  After calculating the lodestar, the court may, within its discretion, adjust the amount upwards or downwards based on a number of factors, such as the quality of the results obtained and the legal representation provided.  Blum, 465 U.S. at 897; Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).

---

[1] "Agrifact contends its liability, if any is ultimately found, should be reduced by the full amount that was collected by Stokes Law and paid into the registry of the Court."  (Resp. at 3-4).  Agrifact's objection is premature.  To the extent Agrifact, if and when it is found liable, seeks to reduce its liability by the amount of attorneys' fees collected, Agrifact may file a motion detailing its reasons for the reduction.

2

The fee applicant is the party that "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Barnes, 168 F.3d at 427 (quoting Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988)); accord Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000).  That burden includes

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.  Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . .  A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

Barnes, 168 F.3d at 427 (citations omitted).

Stokes Law's fee request states that three attorneys, Maurleen Cobb and Craig Stokes, and a legal assistant, Rosa Barrera, provided services for which Stokes Law seeks fees.  Cobb and Stokes bill at an hourly rate of $300, and Barrera has an hourly rate of $125.  The Court finds these rates reasonable in the Atlanta market for legal services.

With respect to the hours worked, the Court finds several issues with Stokes Law's fee request.  First, several entries predate the Court's September 4, 2015, PACA Order.  Because the tasks described in these entries took place before

Stokes Law was authorized to be compensated from the PACA trust, the Court deducts these entries, totaling $5,107.50, from Stokes Law's fee request.

Next, Stokes Law seeks fees for its work in obtaining records from certain storage facilities. (See [309.1] at 24-27, 30-32, 38, 55). On January 26, 2016, the Court issued an Order [124] requiring Stokes Law to arrange for the shipment of records from a storage facility to Stokes Law's offices. The Order stated that the "Individual Defendants shall reimburse Mr. Stokes pro rata for the total cost of shipment . . . ." ([124] at 2-3). Because Stokes Law is not entitled to collect from the PACA trust the fees it seeks in connection with obtaining the records, the Court deducts $1,779.05 from the attorneys fees and $1,717.95 in costs Stokes Law seeks.

Stokes Law also seeks fees for its work in a case against Crisp in Arkansas ("Arkansas Case"). ([309.1] at 2, 5, 54  It states that "Stokes Law had the express consent and approval from the PACA trust beneficiaries in this case for its actions in the Arkansas case." (Reply [315] at 6). The Court finds this work is not compensable. The PACA Order did not authorize Stokes Law to work on the Arkansas Case and thus does not authorize Stokes Law to recover its fees for such work. Accordingly, the Court deducts $161.41 from Stokes Law's post-PACA Order fee requests.

Finally, though the Court finds that, generally, the hours billed are reasonable, Stokes Law routinely seeks fees for clerical tasks, which are not compensable. See Hithon v. Tyson Foods, Inc., 151 F. Supp. 3d 1252, 1261 (N.D. Ga. 2015). For instance, there are multiple entries describing the downloading, scanning, or saving of files or docket entries to Stokes Law's server. (See [309.1] at 2, 5, 7,11, 13, 14, 18, 19, 22, 23, 30, 31, 32, 33, 37, 38, 43, 46, 47, 49, 50, 51, 53). After reviewing the Stokes Law's fee application, the Court finds a $1,347.50 reduction is required to account for clerical tasks billed.

Accordingly, after deducting the non-compensable activities described above, Stokes Law is entitled to $115,007.04 in attorneys' fees and $4,567.53 in costs. Because Stokes Law has credited $1,713.57 in retainer fees and other fees to itself, (see [309.1] at 57), Stokes law is entitled to fees in the total amount of $117,861.00.[2]

---

[2] Stokes Law also asks the Court to "make a finding any challenge to the PACA Order made as an objection to this fee application be found potentially appealable under 28 U.S.C. § 1292." ([309]). It does not appear any challenge to the PACA Order was made as an objection Stokes Law's fee application, and Stokes Law's request is denied as moot.

5

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Stokes Law Office LLP's Interim Application for Attorney's Fees [309] is **GRANTED**, and Stokes Law is entitled to $117,861.00 in attorneys' fees and costs for the period September 4, 2015, through May 31, 2016.

**SO ORDERED** this 30th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE