# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLASSIC HARVEST LLC, | |
|         Plaintiff, | |
| v. | 1:15-cv-2988-WSD |
| FRESHWORKS LLC, et al., | |
|         Defendants. | |
| | |
| AGRIFACT CAPITAL, LLC, | |
|         Third Party Plaintiff, | |
| v. | |
| BLACKHIVE CORP., INC., | |
|         Third Party Defendant. | |
| | |
| AGRIFACT CAPITAL, LLC, | |
|         Cross-Claimant, | |
| v. | |
| US FOODS, INC., | |
|         Cross-Defendant. | |

## OPINION AND ORDER

This matter is before the Court on AgriFact Capital, LLC's ("AgriFact") Crossclaim against US Foods, Inc. [442] ("Crossclaim"), and US Foods, Inc.'s ("US Foods") Motion to Stay Crossclaim [453], Motion to Dismiss [455], Motion

for More Definite Statement [456], and Motion to Stay Discovery in the Crisp Holdings v. US Foods Action [452].

Also before the Court is AgriFact's Motion for Leave to File Third-Party Complaint Against Blackhive Corp., Inc. [443] ("Motion for Leave").[1]

## I. BACKGROUND

This is an action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a, et seq. When perishable agricultural commodities ("Produce") are sold, PACA imposes a nonsegregated, "floating" trust, in favor of

---

[1] No response has been filed and AgriFact's Motion for Leave is deemed unopposed. See LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion").
　　AgriFact's proposed Third-Party Complaint seeks to recover Crisp PACA Trust Assets that were transferred to Blackhive, a former member of Crisp, allegedly in violation of PACA. AgriFact filed its Motion for Leave after the PACA Creditors failed to implead Blackhive, despite representations to AgriFact to the contrary. Issues of liability for defendants other than AgriFact have been not been decided, and for most, discovery has not began. The Court concludes that AgriFact did not unreasonably delay in filing its Motion for Leave, and AgriFact's allegations, if true, would support that Blackhive received Crisp PACA Trust Assets at a time when Crisp was failing to pay its PACA Creditors. The Court also concludes that impleading Blackhive would not delay or complicate this action and would not prejudice Blackhive or the non-moving parties. AgriFact's Motion for Leave is granted. See Fed. R. Civ. P. 14(a)(1); DeRubeis v. Witten Techs., Inc., 244 F.R.D. 676, 682 (N.D. Ga. 2007) (citing Wright & Miller, 6 Fed. Prac. & Proc. § 1443 (2d ed. 1990)) (factors courts consider in evaluating a Rule 14(a) motion include (1) whether movant unreasonably delayed in bringing the motion; (2) whether impleading the new party would delay or unduly complicate the action; (3) whether impleading the new party would prejudice the new or the non-moving party; and (4) the merit of the underlying claim).

Produce sellers, on the Produce sold, products derived from the Produce, "and any receivables or proceeds from the sale of such" Produce or product derived from it. 7 U.S.C. § 499e(c)(2). PACA requires the buyer to hold the trust assets "in trust for the benefit of all unpaid suppliers or sellers of such [Produce]," "until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers . . . ." Id. A trust beneficiary may bring an action in federal court "to enforce payment from the trust." 7 U.S.C. § 499e(c)(5).

Crisp bought Produce on credit from wholesale Produce suppliers, including Classic Harvest, LLC ("Classic Harvest"). Crisp then resold the Produce to its customers, including US Foods, on credit, generating accounts receivable ("Receivables"). Under PACA, Crisp was required to hold, in trust (the "PACA Trust"), the Produce, products derived from the Produce, and the Receivables or proceeds from the sale of the Produce (the "Trust Assets"), for the benefit of Crisp's unpaid Produce suppliers, including Classic Harvest.

To collect the amounts owed to it, on August 25, 2015, Classic Harvest filed its Complaint [1] asserting claims against Crisp and its principals for breach of their duties under PACA and to enforce the PACA Trust, including to recover Trust Assets held by AgriFact. Classic Harvest also asserted a claim against AgriFact for conversion and unlawful retention of Trust Assets

On September 4, 2015, the Court entered the "Consent Injunction and Agreed Order Establishing PACA Claims Procedure" [24] (the "September 4th Order"). The September 4th Order provides for the Court to exercise exclusive *in rem* jurisdiction over Crisp's PACA Trust Assets and directs counsel for Crisp to preserve and collect Crisp's PACA Trust Assets, including any unpaid Receivables. The September 4th Order further establishes a framework for Crisp's other unpaid PACA creditors to submit their claims against Crisp in this action and share, on a *pro rata* basis, in the recovery of Crisp's PACA Trust Assets.

On December 3, 2015, Classic Harvest filed its Amended Complaint, adding claims against AgriFact for aiding and abetting Crisp's principals' breach of fiduciary duty, unjust enrichment and replevin, and a claim against all Defendants for attorneys' fees and costs.

On January 14, 2016, AgriFact filed its Answer [118] to Classic Harvest's Amended Complaint.

On August 16, 2016, Crisp filed its Third Party Complaint [336] against US Foods asserting claims for Enforcement of the PACA Trust (Count I), Failure to Pay Promptly (Count II), and Breach of Contract (Count III), based on US Foods'

alleged failure to pay in full certain invoices.[2] Crisp also asserted claims for Declaratory Judgment (Count IV), Breach of the PACA Trust (Count V), Breach of Duty as PACA Trustee (Count VI), and Conversion and Unlawful Retention of PACA Trust Assets (Count VII), based on US Foods' deduction, from amounts it owed to Crisp, of $1,077,516.95 in product promotional allowances.

On October 14, 2016, US Foods moved to dismiss Counts IV-VII of Crisp's Third Party Complaint for failure to state a claim for relief. ([383]).[3]

On April 28, 2017, the Court dismissed Count VI of Crisp's Third Party Complaint for failure to state a claim for relief. ([431]). The Court denied US Foods' Motion to Dismiss Counts IV, V and VII. (Id.).

On May 12, 2017, US Foods filed its Answer [433] to Crisp's Third Party Complaint.

On May 31, 2017, the Court evaluated the claims filed by the PACA Creditors in this case and approved claims in the total amount of $1,860,344.02. (See May 31, 2017, Order [436]; Updated PACA Trust Chart [439.1]).[4]

---

[2] Crisp seeks to recover $115,405.09, the remaining balance on these invoices, plus interest and collection costs.

[3] US Foods did not move to dismiss Counts I-III.

[4] This amount includes, for some PACA Creditors, the amount of attorneys' fees and interest claimed as of the date they filed their Proof of Claim in this action. A portion of Market Express's claim, in the amount of $136,835.50, requires further proceedings.

On June 16, 2017, AgriFact filed its Crossclaim [442] against US Foods. In it, AgriFact asserts claims for Enforcement of the PACA Trust (Count I), Failure to Pay Promptly (Count II), and Breach of Contract (Count III), based on US Foods' alleged failure to pay in full certain invoices for Produce that Crisp sold to US Foods, and which invoices Crisp factored to AgriFact.[5] AgriFact asserts claims for subrogation (Counts VIII and IX), including based on the Factoring Agreement in which Crisp granted AgriFact the authority to exercise any right or remedy available to Crisp. AgriFact also asserts claims for contribution (Counts IV-VII), based on US Foods' deduction, from amounts it owed to Crisp, of $1,077,516.95 in product promotional allowances.[6] AgriFact asserts that the product promotional allowances are Crisp PACA Trust Assets, and therefore, if AgriFact is required to disgorge funds in the amount of Crisp PACA Trust Assets AgriFact held while Crisp's PACA Creditors went unpaid, AgriFact is entitled to contribution from US Foods, as a co-trustee of the Crisp PACA Trust Assets.

---

[5] AgriFact seeks to recover $85,344.30, the remaining balance on these invoices, plus interest and collection costs. At least some of these invoices appear to be different from the invoices for which Crisp seeks payment in Crisp's Third Party Complaint.

[6] AgriFact asserts claims for Contribution and Indemnity under the Restatement (Second) of Trusts § 258 (Count IV), Statutory Contribution under O.C.G.A. § 53-12-305 (Count V), Contribution under O.C.G.A. § 51-12-32 and Related Georgia Law (Count VI), and Contribution under Other Applicable Laws (Count VII). Count VII is pled in the alternative to Counts V and VI.

On July 21, 2017, US Foods moved to stay Counts IV-VII of AgriFact's Crossclaim. US Foods argues that, because Counts IV-VII seek contribution from US Foods, AgriFact was required, under Rule 14(a) of the Federal Rules of Civil Procedure, first to seek leave of court. US Foods asserts that Counts IV-VII should be "stayed" until AgriFact moves for leave. AgriFact contends that Rule 14(a) does not apply because, at the time AgriFact filed its Crossclaim, US Foods was a "co-party," and thus AgriFact could assert crossclaims, under Rule 13(g), against US Foods without first obtaining leave of court.

On July 21, 2017, US Foods also moved to dismiss Counts I-III and V-IX for failure to state a claim, and moved for a more definite statement of Counts IV and VII.

On August 4, 2017, AgriFact filed its Amended Crossclaim [458].

The Court first considers whether AgriFact was required to obtain leave of Court before filing its Crossclaim.

## II. DISCUSSION

### A. Motion to Stay Crossclaims

US Foods argues that AgriFact was required, under Rule 14(a)(1) of the Federal Rules of Civil Procedure, to obtain leave of Court before filing its Crossclaim. The parties' dispute centers on whether AgriFact's claims for

indemnity and contribution in Counts IV-VII are governed by Rule 13(g) or Rule 14(a)(1) of the Federal Rules of Civil Procedure.

Rule 14(a)(1) permits a party to assert certain claims against a third party who is not yet involved in the action. Rule 14(a)(1) provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

Rule 13(g) permits a party to file a crossclaim against a coparty who is already in the action. Rule 13(g) provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g). Unlike Rule 14(a)(1), Rule 13(g) does not contain a time limit for filing a crossclaim, and other courts have held that leave to file a crossclaim "is not expressly required by the Rules." See, e.g., Luyster v. Textron, Inc., 266 F.R.D. 54, 65 (S.D.N.Y. 2010).

On August 16, 2016, Crisp filed its Third Party Complaint against US Foods.[7] On June 16, 2017, AgriFact filed its Crossclaim against US Foods under Rule 13(g). Because US Foods was then a party to this action, AgriFact could only assert its claims against US Foods under Rule 13(g). See Fed. R. Civ. P. 14(a)(1) (third-party complaint may be asserted against "a *non-party*") (emphasis added); Ga. Ports Auth. v. Construzioni Meccaniche Industriali Genovesi, S.P.A., 119 F.R.D. 693, 694-95 (S.D. Ga. 1988) ("a claim under Rule 14(a) may only be asserted against a person not a party to the action"); Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1431 at 279 (3d ed. 2010) ("[C]are must be taken not to confuse the procedures and purposes of Rule 13(g), which are directed toward parties already in the action, with those of Rule 14(a), which provide for adding one or more third parties to the suit."). Rule 14(a)(1) simply does not apply here.

US Foods argues that, because AgriFact's claims in Counts IV-VII seek indemnity or contribution, they were required to be filed pursuant to Rule 14(a)(1). The Court disagrees. Under Rule 14(a)(1), "[t]he right to bring in third parties is permissive, not obligatory." City of Cretna v. Defense Plant Corp., 159 F.2d 412,

---

[7]  AgriFact filed its Answer to Classic Harvest's Amended Complaint on January 14, 2016. Accordingly, AgriFact had until January 28, 2016, to file a third party complaint against US Foods without first obtaining leave of court. See Fed. R. Civ. P. 14(a)(1).

9

413 (5th Cir. 1947); see also Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 at 413 (3d ed. 2010) ("Rule 14(a)(1) "does not compel defendant to bring third parties into the litigation; rather, it simply permits the addition of anyone who meets the standard set forth in the rule."). The Court notes further that Rule 13(g) states that "[t]he crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed. R. Civ. P. 13(g). That claims for contribution or indemnity are specifically permitted under Rule 13(g) undercuts US Foods' argument that Rule 14(a)(1) was the only procedure by which AgriFact could assert its claims in Counts IV-VII.[8] The Court concludes that AgriFact was permitted, under Rule 13(g), to file its Crossclaim and was not required first to obtain leave of court. See Fed. R. Civ. P. 13(g); Ga. Ports Auth., 119 F.R.D. at 695; Luyster, 266 F.R.D. at 64-65.[9] US Foods' Motion to Stay is denied.

---

[8] US Foods does not appear to argue that a crossclaim was not permissible because AgriFact and US Foods are not "coparties" under Rule 13(g). Even if it did, the Court agrees with the court's reasoning in Georgia Ports Authority, 119 F.R.D. at 695, that "coparty" means "any party that is not an opposing party," and thus "a cross-claim may be asserted by an original defendant against a third-party defendant." Ga. Ports Auth., 119 F.R.D. at 695; see also Luyster, 266 F.R.D. at 64-65; cf. Home Ins. Co. v. Ballenger Corp., 74 F.R.D. 93 (N.D. Ga. 1977) (crossclaim may be asserted by defendant against party brought in by plaintiff as third-party defendant to defendant's counterclaim).

[9] US Foods does not argue that leave of court was required under Rule 13(g) to file AgriFact's Crossclaim. US Foods argues only that, because the claims asserted

B.  Motion to Dismiss and Motion for More Definite Statement

On August 4, 2017, AgriFact, as a matter of course, filed its Amended Crossclaim [458]. See Fed. R. Civ. P. 15(a)(1) (party may amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a motion under Rule 12(b), (e), or (f)).[10] Because the operative pleading as of the date of this Order is AgriFact's Amended Crossclaim, US Foods' Motion to Dismiss and Motion for More Definite Statement are denied as moot. Having denied US Foods' Motion to Dismiss, US Foods' Motion to Stay Discovery pending resolution of its Motion to Dismiss is denied as moot.

---

in Counts IV-VII could have been asserted in a third-party complaint under Rule 14(a), AgriFact was required to follow the procedure under Rule 14(a) and assert them within 14 days of filing its answer or with leave of court. Even if leave was required, the Court notes that AgriFact filed its Crossclaim only six (6) weeks after the Court decided US Foods' motion to dismiss Crisp's Third Party Complaint against US Foods and one week before discovery began on those claims. The Court finds that the interests of judicial economy and the general policy of avoiding multiple suits relating to the same events outweigh any potential prejudice to US Foods. See, e.g., Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1432 at 285 (3d ed. 2010) ("Generally, most courts balance the interests of judicial economy and the general policy of avoiding multiple suits relating to the same events against the possibilities of prejudice or surprise to the other parties.").

[10]  The parties agreed to extend, to July 21, 2017, the time for US Foods to respond to AgriFact's Crossclaim. AgriFact amended its Crossclaim within 21 days of the date US Foods filed its Motion to Dismiss and Motion for More Definite Statement, and AgriFact's Amended Crossclaim is timely under Rule 15(a)(1).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that AgriFact's Motion for Leave to File Third-Party Complaint against Blackhive Corp., Inc. [443] is **GRANTED**.

**IT IS FURTHER ORDERED** that US Foods' Motion to Stay Crossclaim [453] is **DENIED**.

**IT IS FURTHER ORDERED** that US Foods' Motion to Dismiss [455], Motion for More Definite Statement [456], and Motion to Stay Discovery [452], are **DENIED AS MOOT**.

**SO ORDERED** this 7th day of November, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE